# IROM, WITTELS, FREUND, BERNE AND SERRA, P.C.
ATTORNEYS AT LAW
349 EAST 149TH STREET
BRONX, NEW YORK 10451

JOSEPH M. IROM
MILTON WITTELS
ANDREA L. FREUND
RICHARD W. BERNE
WESLEY M. SERRA

TELEPHONE (718) 665-0220

FACSIMILE (718) 665-8004

E-MAIL Lawoffice@iromlaw.com

September 27, 2006

**MEMO ENDORSED**

Hon. James C. Francis
United States Magistrate-Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

BY FAX:   (212) 805-7930

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/06
```

Re:   Rubin v. Best Buy   **LAP**
Docket 06 Cv. 2681 (MBM) (JCF)

Dear Judge Francis:

As your records will reflect, this office represents the plaintiff in the above matter. I respectfully submit (and fax) this letter at the request of Ms. Ferriera.

This is an action to recover for the personal injuries the plaintiff sustained when she was knocked to the ground in defendant's store by a cart loaded with new television sets pushed by one of the defendant's employees. Plaintiff brought suit in the Supreme Court of the State of New York, County of Bronx, and defendant removed the action to this Court on the basis of the parties' diversity. From the beginning of the case, plaintiff has attempted to ascertain the name of the employee who pushed the cart at issue. Plaintiff only found that out very recently, when defendant responded to her interrogatories and document demands.

That employee is a New York resident, and plaintiff wishes to join him as a defendant. The undersigned has discussed the situation with Kathryn Fitzgerald, Esq., of Simmons, Jannace & Stagg, counsel for defendant. Ms. Fitzgerald has agreed to accept the amended complaint after the employee is served, and then to stipulate (since the joinder destroys diversity) to remand the matter to state court.

I write this letter to inquire how the Court wishes the parties to formally address this somewhat unusual situation. While it is clear that the parties agree as to the result - that the matter should ultimately be remanded - the undersigned is uncomfortable with simply serving a summons and amended complaint on a new party without leave of Court to amend the complaint pursuant to Rule 19 or Rule 20 in the first place, even without objection. Plaintiff respectfully suggests that she simply serve the employee then, once

service is accomplished, present the stipulation to remand in a manner the Court directs, whether informally or by formal motion. Ms. Fitzgerald has reviewed this letter and concurs.

Thank you for your consideration.

Very truly yours,

Wesley M. Serra

cc.:  Kathryn Fitzgerald, Esq. (By fax)

9/27/06

Application granted. Following service on the employee, counsel may present a stipulation of remand, to be "SO ORDERED" by the Court. That stipulation must, of course, be signed by counsel for all parties, including the employee.

SO ORDERED.

James C. Francis IV
USMJ